OPINION
On March 13, 1996, appellant Kenneth E. Radcliff pled guilty to one count of failure to appear on a personal recognizance bond, in violation of R.C. 2937.29. On May 9, 1996, appellant was sentenced to community control sanctions.
On October 4, 2000, appellant appeared before the court on the prosecutor's motion for revocation of community of control sanctions, At that time, the court reinstated his probation. On January 26, 2001, appellant appeared before the court again for violation of the conditions of his probation. At that time, the court revoked his probation, and sentenced him to a definite term of incarceration of two years, to be served concurrently with any other sentences he was currently serving.
Appellant filed a motion for delayed appeal pursuant to App. R. 5 (A), which was granted by this court. Counsel was appointed to represent appellant in the delayed appeal. On November 13, 2001, counsel notified the court that he had advised appellant in writing that he had filed a brief pursuant to Anders v. California, citing that the appeal was wholly frivolous. In this letter, counsel informed appellant that he has the opportunity to file a pro se brief within 30 days. On the same date, counsel filed a brief pursuant to Anders, arguing that while the sentencing statute for a violation of R.C. 2937.29 changed in 1999, the record was clear that appellant was convicted and sentenced under the prior provisions, and therefore, when appellant admitted to a violation of his conditions of probation, the court properly sentenced him to the definite prison term in effect in 1996, at the time when appellant was convicted. As the sentence fell within the appropriate sentencing guidelines for the crime at the time it was committed, counsel found no merit in the appeal.
On November 19, 2001, this court ordered counsel, if he had not already done so, to provide notice to the court that appellant had been served a copy of the brief, and that counsel had advised appellant that he may file a pro se brief within the next 30 days, and further ordered that counsel file a motion to withdraw from the case. On December 3, 2001, counsel filed his motion to withdraw, along with an amended certification that his client had been served.
When appointed counsel finds his case to be wholly frivolous, after conscientious examination of the record, counsel should so advise the court and request permission to withdraw, supplying a brief referring to anything in the record that might arguably support the appeal. Anders v.California (1967), 388 U.S. 924. A copy of the brief is to be furnished to the defendant with time to raise any points that he chooses, whereupon the court should proceed, after full examination of all proceedings, to decide whether the case is wholly frivolous. Id. If the court finds the case to be frivolous, the court should grant the request to withdraw.Id. If the court finds legal points arguable on the merits, the court should afford assistance of counsel to further argue the appeal. Id.
In the instant case, we have examined the record, and find the appeal to be wholly frivolous. Appellant admitted to a violation of a condition of his probation. Having found a violation of the conditions of appellant's probation upon his admission, the court properly sentenced appellant to a sentence in accordance with applicable law at the time appellant was originally sentenced on the underlying crime.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed.
Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.